USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDIE MENDOZA,

                      Plaintiff,

     - against -

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

**ORDER**

09 Civ. 5162 (PGG) (MHD)

PAUL G. GARDEPHE, U.S.D.J.:

        On June 3, 2009, Eddie Mendoza filed a pro se Complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3). (Dkt. No. 2) Mendoza challenges the final decision of the Commissioner of Social Security denying his April 13, 2004 application for Supplemental Security Income ("SSI") and disability insurance benefits. (Cmplt. ¶¶ 8-9) Mendoza seeks an order modifying "the decision of the defendant to grant monthly maximum insurance and/or Supplemental Security Income benefits to the plaintiff, retroactive to the date of the initial disability," or, in the alternative, "remand to the Commissioner of Social Security for reconsideration of the evidence." (Id., "Prayer for Relief")

        On July 16, 2010, the Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 9) On October 14, 2010, this Court referred the motion to Magistrate Judge Michael H. Dolinger for a Report and Recommendation ("R&R"). (Dkt. No. 11) On December 16, 2011, Judge Dolinger issued a thorough 127-page R&R recommending that the Commissioner's motion for judgment on the

pleadings be denied and that the case be remanded for further development of the record by the Commissioner. (Dkt. No. 12)

The R&R was sent to the parties on December 15, 2011. (Dkt. No. 12) According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations . . . ."[1] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b)(2) (stating that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). Neither party filed objections.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, as noted above, neither party filed any objections to Judge Dolinger's R&R, despite clear warning that a failure to file objections would result in a waiver of judicial review. A "party generally waives judicial review of an issue when he or she fails to make timely

---

[1] The Report recites the requirement that parties must file objections within fourteen days of service, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and the consequences for failure to timely object: "Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. . . . Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." (R&R at 126-27) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e))

objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision."). Because this rule is non-jurisdictional, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993)), this Court will go on to consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendation. Wingate v. Bloomberg, No. 11 Civ. 188(JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

Mendoza argues that the Administrative Law Judge ("ALJ") erred in finding that Mendoza had the capacity to perform a "wide range of light work" (R&R at 3) (citing Tr. 18-21)[2] despite suffering from "asymptomatic HIV infection, lumbar spine disorder, depressive disorder, and bipolar syndrome." (R&R at 3) (citing Tr. 18) Judge Dolinger recommends a remand because of "evidentiary gaps in the record" and because the ALJ "committed a number of legal errors." (R&R at 125) Specifically, Judge Dolinger found that "the ALJ did not adequately analyze [P]laintiff's subjective complaints of pain or explain why he found these subjective

---

[2] The R&R cites to "Tr. 18-21," however, the information appears on pages 18-21 of the administrative record. The same is true of the R&R's citation to "Tr. 18" on page 3 of the Report.

3

complaints 'not fully credible' . . . ." (Id. at 86) In addition, Judge Dolinger found that the ALJ failed to consider evidence from one of Plaintiff's treating physicians, Dr. Garofalo, and from Nurse Practitioner Carasso, and that he also neglected to request medical source statements from Plaintiff's treating physicians. (Id. at 87) Finally, Judge Dolinger found that "the ALJ failed to consider the combined effects, if any, of [P]laintiff's impairments on his disability status." (Id.)

Having conducted a review of the record, the Court finds that the R&R is not clearly erroneous. As Judge Dolinger explained, the ALJ did not expressly consider the negative findings in the record concerning Plaintiff's impairments, including his need for physical therapy and the side effects of his pain medication. In addition, the ALJ did not refer to Dr. Garofalo or NP Carasso at all in his decision, and he did not specify whether he requested medical source statements from Plaintiff's treating physicians. Finally, the ALJ did not make any reference to the combined effect of Plaintiff's various impairments. For these reasons, it was not clear error for Judge Dolinger to find that this case should be remanded for further consideration by the ALJ.

## CONCLUSION

For the foregoing reasons, the R&R's recommendations are adopted in their entirety. Defendant's motion for judgment on the pleadings is DENIED. The Clerk of the Court is directed to terminate the motion (Dkt. No. 9) and remand this case to the Commissioner of Social Security for further proceedings. The Clerk of the Court is further directed to mail a copy of this order via certified mail to pro se Plaintiff Eddie Mendoza, 2385 Williamsburg Road, #5B,

4

Bronx, NY 10469.

Dated: New York, New York
January 28, 2013

                                          SO ORDERED.

                                          _____
                                          Paul G. Gardephe
                                          United States District Judge